UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION (Sacramento)



**FILED**

NOV 0 3 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
　　　　　DEPUTY CLERK

KRISTY LYNN FELKINS, )
　　　　　　　　　　　　)
　　Petitioner, 　　　　　)
　　　　　　　　　　　　)
　　　　　　　　　　　　)  Case Number:
　　　　　　　　　　　　)
　　v.　　　　　　　　　)  2:25-cv-3185 DMC HC
　　　　　　　　　　　　)
　　　　　　　　　　　　)
WARDEN, FCI VICTORVILLE MEDIUM I, )
　　　　　　　　　　　　)
　　Respondent.　　　　 )
　　　　　　　　　　　　)

**EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AND REQUEST FOR IMMEDIATE RELIEF**

**I. Jurisdiction and Venue**

　　This Court has jurisdiction under 28 U.S.C. § 2241(c)(3) because Petitioner is in federal custody and challenges the **execution of her sentence**, not its legality. Venue lies in the Central District of California, the district of her confinement.

**II. Parties**

**a) Petitioner:** Kristy Lynn Felkins (Reg. No. 56443-048), presently confined at FCI Victorville Medium I, Adelanto, CA 92301.

**b) Respondent:** The Warden of FCI Victorville Medium I.

### III. Custody and Sentence Background

Petitioner was convicted in the Eastern District of California, Case No. 2:20-cr-00175-TLN-1, for **Use of Interstate Commerce Facilities in the Commission of Murder-for-Hire** (18 U.S.C. § 1958). On **July 21, 2023**, she was sentenced to **60 months' imprisonment** and **36 months' supervised release**.

She self-surrendered on **September 29, 2023**, and remains in BOP custody at FCI Victorville Medium I. Her **projected release date** is **January 19, 2027**.

### IV. Factual Basis for Relief

1. On **September 20, 2025**, the Bureau of Prisons issued Petitioner's *FSA Time Credit Assessment* (Exhibit A). It reflected that she had earned sufficient credits for a **Conditional Transition to Community Date of September 1, 2025**, under 18 U.S.C. § 3632(d)(4)(C) and § 3624(g).

2. Despite this determination, Petitioner **remains in secure custody**, and the BOP has not effectuated the transition.

3. On **June 17, 2025**, BOP Director William Marshall issued a memorandum (Exhibit B) requiring all institutions to **immediately recalculate and apply time credits** and ensure timely prerelease placements.

4. Victorville officials have ignored that directive and failed to provide a written reason for refusing release.

## VIII. Exhibits

- **Exhibit A:** FSA Time Credit Assessment Sheet (9/20/2025) – showing Conditional Transition Date 09/01/2025.

- **Exhibit B:** Director William Marshall Memorandum (June 17, 2025) – Re: Mandatory Implementation of FSA and Second Chance Act Credits.

Executed on this 28th day of October, 2025

Respectfully Submitted,

*Kristy Lynn Felkins*

Kristy Lynn Felkins
Federal Register Number #56443-048
Victorville Medium I FCI
P.O. Box 3725
Adelanto, CA 92301

Case No.: TBD

## VERIFICATION

I, **KRISTY LYNN FELKINS**, declare under penalty of perjury under the laws of the United States of America that I have read the foregoing document and that it is true and correct to the best of my knowledge, information, and belief.

Dated this 28th day of October 2025.

Signed,

_Kristy Lynn Felkins_
Kristy Lynn Felkins


## CERTIFICATE OF SERVICE

I, hereby certify that I have caused this filing to be mailed to the Unites States Clerk by pre-paid and first-class postage through the prison mailbox.

Dated this 28th day of October 2025.

Signed,

_Kristy Lynn Felkins_
Kristy Lynn Felkins



EXHIBIT A

## FSA Time Credit Assessment

Register Number:56443-048, Last Name:FELKINS

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

--- Best Case Scenario - Conditional Pre-release Planning & Preparation Only ------------------
All conditional days and conditional dates below are the individual's best case scenario given the individual's FSA/FTC status and best case Second Chance Act (SCA) days as of 09-20-2025. These dates can change if there are changes to one or more of the following: the individuals FSA risk, FSA opt-in/opt-out status, or best case SCA days.

SCA DAYS ARE NOT GUARANTEED AND REQUIRE AN INDIVIDUALIZED ASSESSMENT! THEREFORE, IF A DEFAULT OF 0 DAYS IS REFLECTED, THIS DATE IS SUBJECT TO CHANGE BASED ON THE REQUIRED FIVE-FACTOR REVIEW UNDER 18 USC SEC. 3621(B). AN INDIVIDUAL WHO HAS PENDING CHARGES/DETAINERS ARE NOT ELIGIBLE FOR SCA TIME. THE FIVE-FACTOR REVIEW INVOLVES THE FOLLOWING: (1)THE RESOURCES OF THE FACILITY CONTEMPLATED; (2) THE NATURE AND CIRCUMSTANCES OF THE OFFENSE; (3) THE HISTORY AND CHARACTERISTICS OF THE PRISONER; (4) ANY STATEMENT BY THE COURT THAT IMPOSED THE SENTENCE: (a)CONCERNING THE PURPOSES FOR WHICH THE SENTENCE TO IMPRISONMENT WAS DETERMINED TO BE WARRANTED; OR (b) RECOMMENDING A TYPE OF PENAL OR CORRECTIONAL FACILITY AS APPROPRIATE; AND (5) ANY PERTINENT POLICY STATEMENT ISSUED BY THE U.S. SENTENCING COMMISSION.
---

Projected Release Date: 12-30-2027
Projected Release Method: GCT REL
FSA Projected Release Date: 02-03-2027
FSA Projected Release Method: FSA REL
FSA Conditional Release Date: 12-30-2026
SCA Recommended Placement Days (Following 5 Factor Review): 365
SCA Recommended Placement Date: 12-30-2025
SCA Max. Statutory HC Placement Days if appropriate (lesser of 6 months/10%): 182
FSA Conditional Placement Days: 120
FSA Conditional Placement Date: 09-01-2026
Conditional Transition To Community Date: 09-01-2025
Max. Statutory HC Placement Date (if approp.): 03-03-2026
Recommended HC Placement Date (if approp.): 03-03-2026

 

EXHIBIT B

**U.S. Department of Justice**
**Federal Bureau of Prisons**

**FOR IMMEDIATE RELEASE**
June 17, 2025

Contact: Office of Public Affairs
202-514-6551

### Bureau of Prisons Issues Directive to Fully Implement First Step Act and Second Chance Act

**WASHINGTON, DC** - In order to restore integrity and fiscal responsibility to the federal prison system, the Bureau of Prisons (BOP) today issued a policy memorandum to staff directing the robust and comprehensive implementation of both the *First Step Act of 2018* and the *Second Chance Act of 2008*—two bipartisan cornerstones of modern criminal justice reform.

"This is the dawn of a new era, one in which the Bureau of Prisons will realize the full potential of the First Step Act and Second Chance Act," said BOP Director William K. Marshall III. "The comprehensive policy outlined today will eliminate barriers to maximize the availability of home confinement to those who qualify for community release under the First Step Act and Second Chance Act. This change in policy will fully operationalize the laws as intended by Congress and ensure a smoother transition for many individuals to return to productive lives after incarceration."

The new policy announced today will have immediate and meaningful benefits. It will:

- **Avoid wasting millions of taxpayer dollars** on unnecessary incarceration,
- **Reduce strain on prison bedspace and staffing**, and
- **Eliminate prolonged and unnecessary burdens on inmates and their families**—particularly those with stable home environments and strong community ties.

The new directive ensures that:

- **FSA Earned Time Credits and SCA eligibility will be treated as cumulative and stackable**, allowing qualified individuals to serve meaningful portions of their sentences in home confinement when appropriate.
- **Conditional Placement Dates**—based on projected credit accrual and statutory timelines—will drive timely referrals, not bureaucratic inertia.
- **Stable housing and community reintegration readiness**, not past employment, will guide placement decisions.
- **RRC bed capacity limitations will not be a barrier to Home Confinement** when an individual is statutorily eligible and appropriate for such placement.

Director Marshall continued: "This action marks a bold shift from years of inaction toward a policy rooted in **public safety, fiscal responsibility, and second chances**. By empowering the agency to release more people who are ready to return to society, we not only save taxpayer dollars, we strengthen families, ease overcrowding, and build safer communities."

###